UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EMILEE, INC., *doing business as* **Thin and Healthy**, | )<br>)<br>) |
| **Plaintiff/Counter Defendant,** | )<br>) |
| v. | ) CAUSE NO. 1:15-cv-00306-RL-SLC<br>) |
| **PARKER HANNIFIN CORPORATION,** | )<br>) |
| **Defendant/Counter Claimant.** | ) |

## OPINION AND ORDER

Before the Court is a joint motion (DE 15) by the parties seeking approval of a proposed agreed protective order pursuant to Federal Rule of Civil Procedure 26(c) (DE 15-1). Because the proposed order is inadequate in several ways, the motion will be DENIED.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). *See also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Here, the proposed order contemplates filing under seal (DE 15-1 ¶ 8), and as such, it requires a higher level of scrutiny.

The proposed order fails to articulate narrow, demarcated categories of legitimately confidential information. Instead, it defines the term "confidential" as "a document that contains non-public information of a sensitive nature." (DE 15-1 ¶ 4). The term "'[n]on-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors." *Cook*, 206 F.R.D. at 248. For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* "If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Id*. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* The phrase "of a sensitive nature" in the definition of "confidential" is too vague as well.

Additionally, the Court is unwilling to approve a protective order, such as the one at issue, that allows an entire document to be filed under seal merely because it "contains" some confidential information. (DE 15-1 ¶¶ 4, 6). *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). The proposed order should incorporate a method for redacting only the confidential information in an unsealed filing, while also filing an

unredacted, sealed version.

Lastly, the Seventh Circuit Court of Appeals has made it clear that a protective order must "make[] explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Id.* at 946. The instant proposed order, however, does not contain this language.

In sum, "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945 (citations omitted). As such, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003).

Therefore, the Court DENIES the joint motion for approval of the proposed agreed protective order. (DE 15). The parties may submit a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Enter for this 22nd day of March 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge